UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALFREDO MURILLO JR., *et al*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 7:18-CV-208 | |
| § | | |
| ALLSTATE VEHICLE AND PROPERTY § | | |
| INSURANCE COMPANY, § | | |
| § | | |
| Defendant. § | | |

# OPINION

Pending before the Court is Allstate Vehicle and Property Insurance Company's ("Defendant") partial motion to dismiss.[1] Alfredo Murillo and Irma Murillo (collectively "Plaintiffs") have not responded. After considering the motion, the record, and the relevant authorities, the Court **GRANTS** Defendant's motion as follows.

### I. BACKGROUND

This is a first-party insurance case involving a claim for damage caused by a "hail storm and/or windstorm."[2] Plaintiffs were the owners of "House and Home Insurance Policy number **836-146-622** issued by Defendant."[3] Plaintiffs allege that "on or about June 1, 2016" a storm caused "extensive damage" to Plaintiffs' "main roof."[4] Thereafter Plaintiffs allege they submitted a claim to Defendant, and asked Defendant to "cover the true cost of repairs . . . including but not limited to, repair and/or replacement of the roof and any exterior damage," but Defendant "failed to properly adjust the claim and summarily improperly paid the claim."[5]

---

[1] Dkt. No. 5.
[2] Dkt. No. 1-2 p. 3, ¶ 5.3.
[3] *Id.* ¶ 5.1 (emphasis in original).
[4] *Id.* ¶ 5.3.
[5] *Id.* at p. 4, ¶ 5.5 & ¶ 5.8.

Plaintiffs' complaint contains no other specific factual allegations beyond general allegations that Defendant's investigation of the claims was "unreasonable," that Defendant "failed to properly scope" Plaintiffs' damages, and that Defendant delayed in the payment of the true cost of damages.[6] Plaintiffs' complaint in all other respects is a form petition that merely restates the legal elements of their claims.[7]

Based on these allegations Plaintiffs filed a petition in state court alleging breach of contract, violation of the prompt payment of claims provisions of Texas Insurance Code ("TIC") § 542.051 et seq., violations of the unfair settlement practices in TIC § 541.060(a), breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA").[8] Subsequently, Defendant removed this case to federal court.[9]

Shortly thereafter Defendant filed the instant motion for partial dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim for which relief can be granted and Rule 9(b) for failure to plead fraud with particularity.[10] Defendant *only* seeks dismissal of Plaintiffs' claims pursuant to TIC § 541.060(a) and the DTPA.[11] Plaintiffs never responded and the time for doing so has passed, rendering the motion unopposed by operation of Local Rules.[12] The Court now turns to its analysis.

---

[6] *See id.* at pp. 4–8, ¶¶ 5.7–5.22.
[7] *See generally id.*
[8] *Id.* at pp. 8–12, ¶¶6.1–12.2.
[9] *See* Dkt. No. 1. (Plaintiffs' complaint also brought claims against Mark Mcafee. Defendant's removal notice indicates that the parties are fully diverse because Mr. Mcafee was improperly joined. Plaintiffs' do not now contest the dismissal of this Defendant or that this Court has jurisdiction.)
[10] Dkt. No. 5.
[11] *Id.* at p. 1 (seeking dismissal of "Plaintiffs' claims against it for misrepresentation under the Texas Insurance Code and Deceptive Trade Practices Act.").
[12] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (rendering a motion unopposed when the non-movant fails to respond within twenty-one days of the filing of the motion).

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[14] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[15] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[16] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[17]

In addition to this baseline pleading standard, Rule 9(b) imposes a heightened set of pleading requirements when the claim in question is grounded in fraud.[18] The Fifth Circuit has held that Rule 9(b) requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."[19] The Rule "applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not" and therefore applies to statutory claims which are based on allegations of fraud.[20] Specifically, claims "alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)."[21] A dismissal for failure to plead

---

[13] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[14] *Twombly*, 550 U.S. at 555.
[15] *See id.* at 678–79.
[16] *Id.*
[17] *See id*. at 679–80.
[18] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").
[19] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[20] *Lone Star Ladies Inv. Club v. Schlotzky's Inc*., 238 F.3d 363, 368 (5th Cir. 2001).
[21] *Frith v. Guardian Life Ins. Co. of Am*., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *See, e.g., Jay Freeman Co. v. Glens Falls Ins. Co*., 486 F. Supp. 140, 141 n.1 (N.D. Tex. 1980) (noting district court's dismissal of plaintiff's DTPA claims without prejudice for failure to comply with Rule 9(b)); *Waters v. State Farm Mut. Auto Ins. Co*., 158 F.R.D. 107 (S.D. Tex. 1994) (dismissing plaintiffs' actions alleging fraud, violations of the DTPA and the Texas

with particularity is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.[22] However, when a party has failed to plead fraud with sufficient particularity, the Court will generally permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).[23]

### III. ANALYSIS

Here, Plaintiffs' TIC § 541.060(a) and DTPA claims are insufficiently pled. The only factual allegations in the complaint identify the policy and claim number, the date of alleged lose, and the relationship of the parties.[24] Plaintiffs make the following allegations in regards to their claims under TIC § 541.060(a):

> Defendant . . . misrepresented to Plaintiffs that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence.[25]
>
> Defendant . . . refused to fully compensate Plaintiffs, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant[] performed an outcome-oriented of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the property.[26]
>
> Defendant . . . knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.[27]

Plaintiffs alleges Defendant violated the DTPA by engaging in the following conduct:

> a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
> b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

---

Insurance Code for failing to satisfy the requirements of Rule 9(b)); *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) pleading standard to DTPA and TIC claims).
[22] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d. 1015, 1017 (5th Cir. 1996).
[23] *Frith*, 9 F. Supp. 2d 734 at 743.
[24] *See* Dkt. No. 1-2.
[25] *Id.* at p. 5, ¶ 5.11.
[26] *Id.* at pp. 6–7, ¶ 5.15.
[27] *Id.* at p. 8, ¶ 5.20.

c. Disparaging the goods, services, or business of another by false or misleading representation of facts;
d. Advertising goods or services with intent not to sell them as advertised;
e. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;
f. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;
g. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms- of a consumer-transaction; and
h. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;
h. Engaging in an unconscionable course of conduct.[28]

None of these statements contain any specific factual content. Plaintiffs failed to plead the time, place, and specific contents of any false representations. Importantly, Plaintiffs do not allege the actual contents of any particular statements made by Defendant or its agents, when such statement(s) were made, why such statement(s) were made, or how such statement(s) amounted to fraud. This proves fatal to the claims at bar in light of Rule 9(b)'s heightened pleading requirements As noted, the Fifth Circuit has held that in the present context, such content must be pled in order to survive Rule 9(b)'s heightened pleading requirements. Plaintiffs' allegations plainly do not meet this heightened standard. Additionally, Plaintiffs do not respond to the instant motion indicating they are not opposed to the dismissal of these claims which weighs in favor of their dismissal.

For the foregoing reasons Defendant's motion for partial dismissal for Plaintiffs' misrepresentation claims under the TIC and the DTPA is warranted.

### IV. HOLDING

Accordingly, Defendant's motion for partial dismissal is **GRANTED**. Plaintiffs' TIC § 541.060(a) and DTPA claims are **DISMISSED WITH PREJUDICE.** Plaintiffs' claims for

---

[28] *Id.* at p. 12, ¶ 12.2.

breach of contract, other violations of the TIC, and breach of the duty of good faith and fair dealing remain.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of August, 2018.

_____
Micaela Alvarez
United States District Judge